CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

**OCT 2 9 2013**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH GOLDSBOROUGH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:13-cv-00044 |
| | ) |
| THE INN AT LW, LLC d/b/a | ) |
| THE INN AT LITTLE WASHINGTON, | ) |
| and THE INN AT LW GROUP HEALTH | ) |
| PLAN | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Elizabeth Goldsborough ("Ms. Goldsborough"), by and through her attorney, Geoffrey Stewart Burke, and states for her Complaint in this matter as follows:

### NATURE OF THE ACTION

1.      This is a civil enforcement action brought by the Plaintiff pursuant to Sections 502(a)(1)(A), (a)(1)(B), (a)(3), and (c)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(A), (a)(1)(B), (a)(3), and (c)(1) to recover damages and equitable relief against The Inn at LW, LLC d/b/a The Inn at Little Washington ("The Inn") and the plan sponsor of the Inn at LW Group Health Plan ("The Inn Group Health Plan" or "Plan") for

Defendant's violations of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and ERISA.   Plaintiff also alleges damages and declaratory relief against The Inn, as an employer of a person covered by The Inn Group Health Plan, for its failure to notice The Inn Group Health Plan Administrator (alleged here also to be The Inn) of the COBRA qualifying event described in Section § 603(2) of ERISA, 29 U.S.C. § 1163(2).   Additionally, Plaintiff alleges damages and declaratory relief against The Inn, as the Plan Administrator, because it failed to provide the Plaintiff with a Summary Plan Description of The Inn Group Health Plan as required by ERISA § 104(b)(1), 29 U.S.C. § 1024(b)(1).

2.      Plaintiff respectfully asks this Court for relief as follows: (1) equitable relief in the nature of injunctive relief that directs The Inn to allow the Plaintiff and her spouse to elect COBRA coverage in The Inn Group Health Plan; (2) an order requiring The Inn and The Inn Group Health Plan to reimburse Plaintiff for unreimbursed medical expenses that would have been reimbursed by The Inn Group Health Plan or, in the alternative, retroactive payment of health insurance premiums to the date Plaintiff was eligible to elect continuing health insurance coverage; (3) statutory penalties against The Inn and The Inn Group Health Plan for the failure to provide the statutory notices required by COBRA as well as a Summary Plan Description; and (4) the cost of this suit, including attorneys' fees under ERISA and pre-judgment and post-judgment interest at the maximum rate allowable by law.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and ERISA § 502(a), 29 U.S.C. § 1132(a). Further still, the Court has jurisdiction pursuant to 29 U.S.C. § 1132(f), which grants jurisdiction to United States District Courts, without respect to the amount in controversy or the citizenship of the parties, to grant relief in the form of a statutory penalty for failure to give notice as herein alleged to a participant or beneficiary of a health insurance plan governed by ERISA.

4.      This Court has personal jurisdiction over Defendants because The Inn and The Inn Group Health Plan transact business in this district and because ERISA provides for nationwide service of process.  *See,* ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

5.      Venue properly lies in the Western District of Virginia pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because (a) The Inn is found in this district; (b) The Inn Group Health Plan is maintained and provides benefits to its participants and beneficiaries in this district; and (c) Plaintiff was denied the right to elect COBRA continuation coverage and receive benefits from The Inn Group Health Plan in this district.

## PARTIES

6.    Plaintiff is a citizen of the United States, a resident of Rappahannock County, Virginia, and a former employee of The Inn who was a participant in The Inn Group Health Plan the day before her employment terminated with The Inn, a qualifying event within the meaning of ERISA § 603(2), 29 U.S.C. § 1163(2). Accordingly, Plaintiff and her spouse, Mr. Goldsborough, were both qualified beneficiaries of the Plan within the meaning of ERISA § 607(3), 29 U.S.C. § 1167(3). Because Plaintiff has a colorable claim for benefits under The Inn Group Health Plan, she continues to be a participant in the Plan pursuant to Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

7.    The Inn maintains its principal place of business in Rappahannock County, Virginia and employed 20 or more employees on a typical business day during the preceding calendar year. The Inn established and maintains The Inn Group Health Plan and is the plan sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B), and is also the administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

8.    Defendant The Inn Group Health Plan provides medical benefits to employees of The Inn and their beneficiaries through health insurance underwritten by Coventry Health and Life Insurance Company. The Inn Group Health Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) and a group health plan within the meaning of ERISA § 607(1), 29 U.S.C.

4

§ 1167(1).  The Inn Group Health Plan is administered and maintained in Rappahannock County, Virginia.

### RELEVANT NON-PARTY

9.     The Inn Group Health Plan provides benefits pursuant to a fully insured Preferred Provider Organization health policy underwritten by Coventry Health and Life Insurance Company, a subsidiary of Coventry Health Care, Inc. (collectively "Coventry").  Coventry has at all relevant times offered COBRA continuation coverage pursuant to the insurance policies that it underwrites; however, Coventry does not administer COBRA.  Instead, Coventry advises its employer groups that the provision of COBRA notifications to terminating employees is the responsibility of the employer group and encourages its employer groups to hire a COBRA administrator for these purposes.   Therefore, although Plaintiff believes The Inn or The Inn Group Health Plan is the legal entity that had responsibility for the notices required by ERISA, the identity of persons and legal entities that may have been responsible for the notices required to have been provided to Plaintiff by ERISA must be ascertained through discovery.

### FACTUAL ALLEGATIONS

10.     Defendant The Inn is a luxury country inn and restaurant located in Washington, Virginia.  On information and belief, The Inn employs approximately 100 people.

11.     The Inn sponsored The Inn Group Health Plan to provide its employees with health care coverage and, through July 19, 2013, Plaintiff and her husband, Mr. Goldsborough, as a beneficiary under The Inn Group Health Plan both elected to participate in The Inn Group Health Plan.  Although Plaintiff received a Certificate of Coverage from Coventry that describes the benefits available, the Certificate of Coverage does not meet the requirements of a Summary Plan Description as outlined in ERISA § 102, 29 U.S.C. § 1022.  Upon information and belief, Defendant has never provided Plaintiff with a Summary Plan Description in compliance with ERISA.

12.     The Plaintiff was employed by The Inn for over 18 years.   From February 1995 through August 2000, the Plaintiff was employed by The Inn as a reservationist and as a reservationist supervisor.  From August 2000 through July 19, 2013, the Plaintiff was employed as The Inn's sole book- keeper.

13.     In November of 2012, Ms. Goldsborough was diagnosed with lymphoma by her oncologist who, thereafter, informed The Inn of her medical condition.

14.     On July 19, 2013, when Plaintiff's employment with The Inn terminated, Plaintiff requested information concerning her health care benefits and health care insurance coverage.  The Inn assured Plaintiff that she would soon receive information regarding her right to elect coverage under COBRA; however, Defendants failed to notify the Plaintiff or her husband of their eligibility and right

6

to continue health care coverage pursuant to COBRA within the statutorily required time period. Defendant's continuing failure to provide COBRA coverage to Plaintiff or her spouse as a Plan beneficiary has deprived them of their necessary health insurance coverage to which they are entitled to receive by law.

15.     Following termination of employment at The Inn, Plaintiff contacted Coventry on several occasions to confirm her health insurance coverage and each time Coventry confirmed that Plaintiff had health insurance coverage in effect. Despite this, Plaintiff was notified by letter dated October 7, 2013, that her insurance coverage ended as of July 31, 2013.

16.     To date, the Plaintiff has incurred medical bills and prescription expenses estimated to be well over $100,000.00 and will continue to incur future medical bills and expenses from other health care providers during the period she would have otherwise elected health care coverage subsequent to terminating employment with the Defendant.

17.     In addition, the Plaintiff's husband, Mr. Goldsborough, has incurred and will continue to amass future out-of-pocket medical expenses and prescription costs totaling more than $5,000.00 from health care providers during the period in which he would have had continuation coverage subsequent to Plaintiff's termination of employment with the Defendant.

## COUNT I

### Violation of ERISA § 601,
**Plan Sponsor's Failure to Notify Qualified Beneficiaries of Their Eligibility For COBRA**

18.      Plaintiff repeats and incorporates all of the preceding paragraphs as if they were specifically and fully set forth herein.

19.      ERISA § 601, 29 U.S.C. § 1161, requires that the plan sponsor of each group health care plan provide notice, in accordance with part 6 of Title I of ERISA, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event, is entitled under the plan to elect, within the election period, continuation coverage under the plan.

20.      The Inn, as The Inn Group Health Plan sponsor, failed to provide COBRA coverage to Ms. Goldsborough and, therefore, violated ERISA Section 601, 29 U.S.C. § 1161, by failing to provide, in accordance with part 6 of Title I of ERISA, that each qualified beneficiary who would lose coverage under The Inn Group Health Plan as a result of qualifying event is entitled, under the Plan, to elect, within an election period, continuing coverage under the Plan.

## COUNT II

### Violation of ERISA § 606(a)(2) and (4)
**Plan Administrator's Failure to Notify Qualified Beneficiaries of Their Eligibility For COBRA**

21.      Plaintiff repeats and incorporates all of the preceding paragraphs as if they were specifically and fully set forth herein.

22.     ERISA § 606(a)(2), 29 U.S.C. § 1166(a)(2), requires an employer of an employee under a group health plan to notify the administrator of qualifying events described in paragraph (2) of ERISA § 603, 29 U.S.C. § 1163, within thirty (30) days of the of the date of the qualifying event.

23.     ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4), requires an administrator of a group health plan, at the time of a qualifying event, to notify any qualified beneficiary of the beneficiary's right to elect COBRA coverage.

24.     The Inn served as both employer of employees under The Inn Group Health Plan and as The Inn Group Health Plan Administrator.  The Inn, as The Inn Group Health Plan Administrator, was aware of qualifying events described in paragraph (2) of ERISA § 603, 29 U.S.C. § 1163, and, therefore, had a duty to notify a qualified beneficiary of their right to elect COBRA coverage as required by ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4).

25.     Defendant The Inn, as The Inn Group Health Plan Administrator, failed to provide, at the time of qualifying events, written notice to Ms. Goldsborough of her rights under the COBRA provisions of ERISA in violation of ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4).

## COUNT III

### Violation of ERISA § 104,
### Plan Administrator's Failure to Provide Summary Plan Description

26.     Plaintiff repeats and incorporates all of the preceding paragraphs as if they were specifically and fully set forth herein.

27.     ERISA § 104, 29 U.S.C. § 1024, requires a plan administrator to provide each participant and each beneficiary receiving benefits under a plan with a Summary Plan Description as described in ERISA § 102, 29 U.S.C. § 1022.

28.     Defendant The Inn, as The Inn Group Health Plan Administrator, failed to provide Ms. Goldsborough, and her spouse, with a Summary Plan Description as required by ERISA § 104, 29 U.S.C. § 1024, thereby violating that provision of ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, on each Count of the Complaint and requests the Court grant the following relief:

(1)     Declaratory relief in the form of an injunction requiring:

a.     Defendant The Inn, as The Inn Group Health Plan Administrator, to allow Plaintiff to elect COBRA coverage retroactive to her eligibility date; and

b.     Defendant The Inn, as The Inn Group Health Plan Administrator, and Defendant The Inn Group Health Plan, to provide Plaintiff and her spouse with written notice of their rights under COBRA, as required by ERISA § 606(a)(1), 29 U.S.C. § 1166(a)(1);

(2)     An order for the Defendant The Inn, as The Inn Group Health Plan Administrator and Defendant The Inn Group Health Plan, to reimburse Plaintiff and her spouse for her Medical and health care expenses incurred during the time period she otherwise would have been covered by The Inn Group Health Plan, or, in the alternative, an order for the amount of retroactive payment of health insurance premiums to the date Plaintiff was eligible to elect continuing health insurance coverage;

(3)     An order requiring Defendant The Inn, as The Inn Group Heath Plan

Administrator, to pay penalties of $110 per day[1] to Plaintiff and her

spouse:

      a.     From the date of commencement of coverage under The Inn
        Group Health Plan until the Court orders the Defendants to
        provide the Plaintiff with a Summary Plan Description as
        required by ERISA § 104, 29 U.S.C. § 1024, and the notice
        required by ERISA § 606(a)(1), 29 U.S.C. § 1166(a)(1); and

      b.     From the date notice was required following the qualifying
        event through the date the Court orders the Defendants to
        provide notice as required under ERISA § 606(a)(4), 29
        U.S.C. § 1166(a)(4);

(4)     The cost of the suit, including attorneys' fees and costs under ERISA

§ 502(g)(1), 29 U.S.C. § 1132(g)(1), and this Court's inherent

equitable authority and powers;

(5)     Pre-judgment and post-judgment interest at the maximum rate

allowable by law; and

(6)     Such other, further, and different relief available under all applicable

laws and any relief the Court deems just and appropriate.

        Respectfully submitted,

        ELIZABETH GOLDSBOROUGH

        By Counsel

---

[1] The statute states that the maximum penalty is $100 per day.  The amount was increased
through regulatory action to $110 per day.  *See,* 29 C.F.R. 2577, 502C-1.

By: _____

Geoffrey S. Burke (VSB # 75728)
Burke Law, P.L.C.
P.O. Box 6933
2850 South Quincy Street
Arlington, Virginia 22206
(703) 665-4454
(703) 649-6224 (facsimile)
gburke@burkelawpractice.com
*Counsel for Elizabeth Goldsborough*